**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURGEN ZOVELYAN, | No. 08-72510 |
| Petitioner, | Agency No. A097-589-146 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

    Gurgen Zovelyan, a native and citizen of Armenia, petitions for review of

the Board of Immigration Appeals' order summarily affirming an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Mamouzian v. Ashcroft*, 390 F.3d 1129, 1133 (9th Cir. 2004). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the IJ's finding that Zovelyan was not harmed on account of whistle-blowing. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-83 (1992). However, the record compels the conclusion that Zovelyan was harmed on account of his anti-government corruption political opinion. *See Mamouzian*, 390 F.3d at 1134. In addition, substantial evidence also does not support the IJ's finding that Zovelyan did not testify credibly about the beating he suffered by the police. *See Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir. 2000) (adverse credibility finding cannot be based on speculation and conjecture); *Tekle v. Mukasey*, 533 F.3d 1044, 1053 (9th Cir. 2008) (adverse credibility finding based on mischaracterization of testimony is not supported). Accordingly, we grant the petition for review as to Zovelyan's asylum and withholding of removal claims and remand– deeming Zovelyan's testimony credible– for the agency to consider whether Zovelyan suffered harm rising to the level of persecution, and whether he has a well-founded fear of future persecution or faces a clear probability of future persecution. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *see also Soto-Olarte v. Holder*, 555 F.3d 1089, 1095-96 (9th Cir. 2009).

Finally, the record does not compel a conclusion that it is more likely than not Zovelyan will be tortured if he is returned to Armenia. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007). Accordingly, we deny the petition as to his CAT claim.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part. REMANDED.**